UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) ) ) | Chapter 11 |
| GBG USA Inc., et al.,[1] | ) ) ) | Case No. 21-11369 (MEW) |
| Debtors. | ) ) ) ) | (Jointly Administered) |
|  |  | **Re: Docket No. 234** |

AMENDED ORDER (A) APPROVING SALE OF SUBSTANTIALLY
ALL OF DEBTORS' AQUATALIA ASSETS FREE AND CLEAR OF ALL CLAIMS,
LIENS, RIGHTS, INTERESTS, AND ENCUMBRANCES, (B) AUTHORIZING
DEBTORS TO ENTER INTO AND PERFORM THEIR OBLIGATIONS UNDER ASSET
PURCHASE AGREEMENT, (C) APPROVING ASSUMPTION AND
ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND
UNEXPIRED LEASES, AND (D) GRANTING RELATED RELIEF

Upon the motion [Docket No. 15] (the "**Motion**"),[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order (this "**Amended Sale Order**"), pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure, Rules 6004-1 and 6006-1 of the Local Bankruptcy Rules for the Southern District of New York, and the Amended Guidelines for the Conduct of Asset Sales established by the United States

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal taxpayer identification number are as follows: GBG USA Inc. (2467), Jimlar Corporation (8380), GBG North America Holdings Co., Inc. (5576), Homestead International Group Ltd. (0549), IDS USA Inc. (7194), MESH LLC (8424), Frye Retail, LLC (1352), Krasnow Enterprises, Inc. (0122), Krasnow Enterprises Ltd. (0001), Pacific Alliance USA, Inc. (0435), and GBG Spyder USA LLC (9108). The Debtors' executive headquarters are located at 350 5th Avenue, 8th Floor, New York, NY 10118.

[2] Capitalized terms used but not otherwise defined herein have the meaning given to such terms in the *Order (A) Approving Sale of Substantially All of Debtors' Aquatalia Assets Free and Clear of All Claims, Liens, Rights, Interests, and Encumbrances, (B) Authorizing Debtors to Enter Into and Perform Their Obligations Under Asset Purchase Agreement, (C) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases, and (D) Granting Related Relief* [Docket No. 234] (the "**Original Sale Order**").

Bankruptcy Court for the Southern District of New York: (a) authorizing and approving the sale (the "**Sale**") of those assets related to the Debtors' global wholesale, e-commerce and retail footwear and accessories business operated under the Aquatalia brand (and together with the Purchased Contracts (as defined below) the "**Acquired Assets**") set forth in Section 1.1 of that certain Asset Purchase Agreement, attached to the Original Sale Order as **Exhibit 1** (the "**APA**"), by and among Debtor GBG USA Inc. and certain of its Debtor affiliates (collectively, the "**Sellers**") and Saadia Group LLC (together, with one or more of its authorized designated affiliates, the "**Successful Bidder**"), free and clear of all liens, claims, encumbrances and other interests to the fullest extent permitted by section 363(f) of the Bankruptcy Code (other than the Permitted Encumbrances (as defined in the APA)), and the assumption of certain assumed liabilities set forth in Section 1.3 of the APA upon the closing of the Sale (the "**Closing**"), (b) authorizing the assumption and assignment of executory contracts, permits and unexpired leases set forth on **Exhibit 2** attached to the Original Sale Order, as the same may be subsequently modified pursuant to the terms of the APA (each, a "**Purchased Contract**," and, collectively, the "**Purchased Contracts**"), upon the Closing, subject to the payment by the Successful Bidder of any payments required under section 365(b)(1) to cure any defaults arising under any Purchased Contract, (c) authorizing the Debtors to take all actions necessary to consummate the Sale; and (d) granting related relief, all as more fully set forth in the Motion; and this Court having entered the *Order (A) Authorizing and Approving Bid Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (B) Authorizing and Approving Bid Protections, (C) Scheduling Related Auction and Hearing to Consider Approval of the Sale, (D) Approving Procedures Related to Assumption and Assignment of Executory Contracts and Unexpired Leases, (E) Approving Form and Manner of Notice Thereof, and (F) Granting Related Relief* [Docket No. 141] (the "**Bidding**

**Procedures Order**"); and the Debtors having conducted an auction for the Acquired Assets; and the Debtors having determined that the Successful Bidder has submitted the highest or otherwise best bid for the Acquired Assets and that Saadia Group LLC is the Successful Bidder with respect to the Acquired Assets and that WH AQ Holdings LLC (as purchaser) and Hilco Trading, LLC (as guarantor) is the Back-Up Bidder (as defined in the bidding procedures annexed to the Bidding Procedures Order, as subsequently modified from time to time with the consent of the Consultation Parties, the "**Bidding Procedures**"), in accordance with the Bidding Procedures; and the Court having conducted a hearing on the Motion (the "**Sale Hearing**"), at which time all interested parties were offered an opportunity to be heard with respect to the Motion; and the Court having reviewed and considered the Motion, the APA, and any and all objections to the Sale filed in accordance with the Bidding Procedures Order; and upon the declaration of David Skatoff in support of the Sale [Docket No. 219]; and the Court having heard statements of counsel and the evidence presented in support of the relief requested in the Motion at the Sale Hearing; and the Court having entered the Original Sale Order on September 22, 2021 [Docket No. 234]; and it appearing that due notice of the Motion, the Sale Hearing, the APA, the Sale, the Bidding Procedures Order and the Original Sale Order has been provided; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their stakeholders, and all other parties in interest; and it appearing that the Court has jurisdiction over this matter; and the Court having conducted a status conference on October 14, 2021 regarding closing of the Sale (the "**Status Conference**"); and it appearing that the legal and factual bases set forth in the Motion and at the Sale Hearing and the Status Conference establish just cause for the relief granted herein; and after due deliberation,

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1. In accordance with paragraph 40 of the Original Sale Order, and in consultation with the Consultation Parties, the Sellers and the Successful Bidder have agreed to an amended cash purchase price of $19,750,000 for purposes of Section 2.1(a) of the APA; provided that, as represented by counsel to the Successful Bidder at the Status Conference, (a) the Successful Bidder shall not request or seek in any way a further reduction to the Purchase Price; (b) the default alleged by the Successful Bidder in its notice of default, dated October 11, 2021, shall be deemed waived; and (c) the Successful Bidder shall close the Sale and has agreed to waive all rights and remedies to terminate the APA; provided further that if the Sellers and the Successful Bidder are unable to reach a consensual resolution with respect to the APA, including, but not limited to, any closing condition in respect thereof, either party may seek a hearing (on an emergency basis) to resolve the dispute, which resolution, for the avoidance of doubt, shall not result in the termination of the APA or a reduction in the Purchase Price, provided, however, that Closing shall not be required to occur until such resolution and the DIP Agent reserves and does not waive any and all rights and remedies to the extent that the Closing does not occur on October 15, 2021. Except as otherwise expressly provided in this Amended Sale Order, the APA shall remain in full force and effect and no provision thereof is, or shall be deemed to be, amended or otherwise modified.

2. All other provisions of the Original Sale Order are incorporated herein in their entirety.

3. The representations of counsel made on the record at the Status Conference, and the Court's findings in connection therewith, are incorporated herein in their entirety.

4. Based on the record of the Sale Hearing and the Status Conference, the sale of the Acquired Assets must be consummated promptly to preserve the value of the Acquired Assets. As

such, the Sellers and the Successful Bidder intend to close the sale of the Acquired Assets as soon as practicable and shall use commercially reasonable efforts to consummate the Sale no later than October 15, 2021; provided that the Sellers shall use commercially reasonable efforts to take all actions required and to cooperate in obtaining third party consents necessary to consummate the Sale.

5.  The Court shall retain exclusive jurisdiction with respect to the terms and provisions of the Original Sale Order, this Amended Sale Order and the APA.

Dated: New York, New York
       October 15, 2021

/s/ **Michael E. Wiles**
UNITED STATES BANKRUPTCY JUDGE