UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
:
In re:                                : Chapter 11
:
GBG USA INC., *et al.*,[1]            : Case No. 21-11369 (MEW)
    Debtors.                          :
                                      : (Jointly Administered)
                                      :
------------------------------------- X

## FINAL DECREE CLOSING CERTAIN CHAPTER 11 CASES AND GRANTING RELATED RELIEF

Upon the application (the "**Application**")[2] of Alan D. Halperin, as the Plan Administrator (the "**Plan Administrator**") for the Wind-Down Estates of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order, pursuant to sections 105(a) and 350(a) of title 11 of the United States Code and Rule 3022 of the Federal Rules of Bankruptcy Procedure closing certain chapter 11 cases; and it appearing that the Court has jurisdiction over this matter; and it appearing that the notice of the Application as set forth therein is sufficient, and that no other or further notice need be provided; and it further appearing that the relief requested in the Application is in the best interests of the Wind-Down Estates, their beneficiaries, and all other parties-in-interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED, ADJUDGED, and DECREED that:**

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal taxpayer identification number are as follows: GBG USA Inc. (2467), Jimlar Corporation (8380), GBG North America Holdings Co., Inc. (5576), Homestead International Group Ltd. (0549), IDS USA Inc. (7194), MESH LLC (8424), Frye Retail, LLC (1352), Krasnow Enterprises, Inc. (0122), Krasnow Enterprises Ltd. (0001), Pacific Alliance USA, Inc. (0435), GBG Spyder USA LLC (9108), and GBG Sean John LLC (1287). The Debtors' mailing address is GBG USA Inc., P.O. Box 4965, Greensboro, NC 27404.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

{00321965.1 / 1380-001 }

1. The relief sought by the Application is **GRANTED** to the extent set forth herein.

2. Pursuant to section 350(a) of the Bankruptcy Code, the chapter 11 cases of : (1) Case No. 21-11370, *In re GBG North America Holdings Co., Inc.*; (2) Case No. 21-11371, *In re GBG Spyder USA LLC*; (3) Case No. 21-11372, *In re Jimlar Corporation*; (4) Case No. 21-11373, *In re Homestead International Group Ltd.*; (5) Case No. 21-11374, *In re IDS USA Inc.*; (6) Case No. 21-11375, *In re MESH LLC*; (7) Case No. 21-11376, *In re Frye Retail, LLC*; (8) Case No. 21-11377, *In re Krasnow Enterprises, Inc.*; (9) Case No. 21-11378, *In re Krasnow Enterprises Ltd.*; (10) Case No. 21-11379, *In re Pacific Alliance USA, Inc.*; and (11) Case No. 21-12016, *In re GBG Sean John LLC* (collectively, the "**Closing Cases**") are closed.

3. The chapter 11 case of (1) *In re GBG USA Inc.* (Case No. 21-11369) is designated as the surviving bankruptcy case and shall remain open (the "**Lead Case**") pending the entry of final decree(s) or order(s) by this Court and from and after the date of this Final Decree, all motions, notices and other pleadings related to any of the Debtors or their Wind-Down Estates shall be filed in the Lead Case.

4. The closing of the Closing Cases by this Order shall have no effect on the allowance or disallowance of claims filed in the Closing Cases, and the Court shall continue to have jurisdiction over claims filed in the Closing Cases.

5. The requirement of the Plan Administrator to file further post-confirmation quarterly reports for the Closing Cases shall be and hereby is waived without prejudice to further Order of this Court; *provided*, *however*, that the Plan Administrator shall (a) within twenty (20) business days after the entry of this Order, file a final post-confirmation quarterly report acceptable to the U.S. Trustee through the date of entry of this Order solely for the Closing Cases, and (b) as

soon as reasonably practicable after the date of entry of this Order, to the extent not already paid, pay the fees that have accrued as of the date hereof for the Closing Cases that are required to be paid to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6). Subject to the foregoing or unless otherwise directed by this Court, as of the date of entry of this Order, no further quarterly fees or other amounts assessable under 28 U.S.C. § 1930(a)(6) or 31 U.S.C. § 3717 shall be assessed against, or otherwise become due and payable by or on account of, disbursements made by the Plan Administrator. For the avoidance of doubt, except for disbursements made pursuant to the terms of the Plan, no disbursements made by any of the Closing Cases after the date of this Order shall be included in subsequent quarterly reports filed by the Plan Administrator.

6. Nothing herein shall prejudice the rights of any party who otherwise has standing to: (a) commence, prosecute, and/or resolve any claim or cause of action; or (b) object to any claim or claims filed against any Debtor in these chapter 11 cases. Notwithstanding entry of this Final Decree, the Plan Administrator and the Litigation Trustee, as applicable, shall be entitled to prosecute claims and defenses, make distributions, and attend to other wind-down affairs on behalf of each of the other former Debtors as if such Debtors' estates continued to exist, solely for these purposes.

7. Notwithstanding the entry of this Final Decree or 11 U.S.C. § 550(f), the closing of the Closing Cases shall not affect the rights of any party to commence or maintain any action or proceeding, including without limitation actions to recover from any transferee or any subsequent transferee, in each case, subject to the terms of the Plan and the Confirmation Order. For the avoidance of doubt, entry of this Final Decree shall have no effect whatsoever on any contested matter, adversary proceeding, or other matters pending before this Court.

8. A docket entry shall be made in each of the Closing Cases that reflects entry of this Order.

9. Entry of this Order is without prejudice to the rights of the Debtors, the Plan Administrator, or any other party in interest, to seek to reopen the Closing Cases for good cause shown in accordance with 11 U.S.C. § 350(b). Upon the reopening of any of the Closing Cases, quarterly fees would be imposed and paid pursuant to 28 U.S.C. § 1930(a)(6), calculated based upon all disbursements made during the period of reopening.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

11. Entry of this Order and the closing of the Closing Cases is for administrative purposes only and shall not create a right, claim, or cause of action by a creditor or other party in interest in any other regard.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Final Decree.

13. The relief granted pursuant to this Order is based upon the unique facts of these chapter 11 cases and is not intended to create precedence for any subsequently filed or unrelated cases, nor should it limit or restrict any party, including the United States Trustee, from opposing a request for similar relief in any subsequently filed or unrelated cases.

DATED: August 15, 2023
New York, New York

                                             **s/Michael E. Wiles**
                                             HONORABLE MICHAEL E. WILES
                                             UNITED STATES BANKRUPTCY JUDGE